UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X

JAMEL ALI-BEY, *Propria Persona*, *sui juris*
*Ex Rel.* Jamel Divine Ali d/b/a
JCI Family Trust,

                Plaintiff,                  **ORDER**
                                                   21-CV-4341 (RPK)(RER)

      - against -

SHERIF SOLIMAN, individually and in his official
capacity of Commissioner; NYC DEPARTMENT
OF FINANCE; CITY OF NEW YORK AND ALL
AGENTS,

                Defendants.
───────────────────────────────────X

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Jamel Ali-Bey filed this action seeking to challenge a New York City Department of Finance judgment of $457.31 against the JCI Family Trust for parking or camera violation(s). Notice of Removal 25 (Dkt. # 1). Plaintiff seeks to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). Because plaintiff has not established that he is unable to pay the filing fee, his request to proceed IFP is denied. Plaintiff is granted thirty days to file an amended application or to pay the filing fee.

## BACKGROUND

    Plaintiff submitted a form IFP application with his complaint but struck through questions about his gross pay, take-home pay, and other income. *See* Mot. for Leave to Proceed in Forma Pauperis 1 (Dkt. # 2). Plaintiff asserted that he is "unable to pay any fee," and that he is "under economic duress," but he provides no specific information about his financial status. *Id.* at 2.

1

By Orders dated August 9, 2021, and August 24, 2021, the Court provided an IFP application form to plaintiff and directed him to submit an amended IFP request that establishes that he qualifies to proceed IFP.

Instead of completing the two-page IFP application form, plaintiff has filed five other documents totaling thirty-nine pages. *See* Dkt. ## 5-9. Only one page of the filings provides information relevant to whether plaintiff qualifies to proceed without paying this Court's filing fee. *See* Dkt. # 8 at 5. That page states that plaintiff is unemployed, has no assets, and that he receives no funds from "anywhere" including governmental aid. Plaintiff further states that he is supported by the JCI Family Trust, which provides him with food, clothing, and shelter. *Ibid.* According to documents submitted to the Court and the website of the JCI Family Trust, the trust appears to be for the benefit of plaintiff. *See id.* at 1; *JCI Family Trust*, http://www.jcitrust.com. Plaintiff provides no information about the assets of the trust or the value of the support he receives.

## DISCUSSION

The federal *in forma pauperis* statute allows indigent litigants to file lawsuits without prepaying the filing fees. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed in forma pauperis if he "cannot because of his poverty pay or give security for" the costs of filing "and still be able to provide himself and his dependents with the necessities of life." *Adkins*, 335 U.S. at 339. A court may dismiss a case that has been filed in forma pauperis if the court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

### I. Plaintiff Fails to Provide Necessary Information for an IFP Determination.

Plaintiff's submissions provide limited and conflicting information on his ability to pay the filing fee. Even as plaintiff states that he is unemployed and has no income, he states that he is the beneficiary of, and "doing business as," the JCI Family Trust—which provides him enough funds to pay for his food, clothing, and shelter, and, apparently, own a vehicle. *See* Notice of Removal 25 (showing that underlying state action was a parking violation judgment). The assets of, and plaintiff's income from, the JCI Family Trust are therefore relevant to the plaintiff's IFP application. But this information has not been provided. According, plaintiff's submissions do not provide the information necessary for the Court to find that he is indigent. Plaintiff's IFP application is therefore denied without prejudice.

### II. Plaintiff Is Granted A Final Opportunity to File an Amended IFP Application.

Plaintiff is granted a final opportunity to provide the information necessary for the Court to find that he is indigent. If plaintiff wishes to proceed IFP, he must submit an amended IFP application using the form provided by the Administrative Office of the United States Courts. The Clerk of Court is directed to send the IFP application form to plaintiff with this Order. Plaintiff is instructed to complete the form and return it to this Court within fourteen days of the date this Order is entered on the Court's docket. If plaintiff receives income or other support from the trust or any other source, he must provide the value of the support he receives. Since he appears to be in control of the JCI Family Trust, plaintiff must also list its gross receipts and assets.

## CONCLUSION

Plaintiff's IFP application is denied. Within fourteen days, plaintiff must file a completed and signed IFP application as described above or pay the filing fee of $402 to the Clerk of Court of the Eastern District of New York. If plaintiff does not do so, the action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                    */s/ Rachel Kovner*
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated:  Brooklyn, New York
        February 14, 2022